In re Trenton Street Railway Co.

---

In the matter of the application of the Trenton Street Railway Company to regulate the mode of crossing the track operated by the Pennsylvania Railroad Company, in the township of Hamilton, in the county of Mercer.

[Filed October 9th, 1899.]

1. On an application, under the act of March 22d, 1895 (*Gen. Stat. p. 2717*), to regulate the mode of crossing a steam railroad by a street railway, authority being given to the chancellor under specified conditions to direct the mode

of crossing, the petitioner must show by due proof that his application is within the terms of the statute.

2. The petition, verified by affidavit and served under Chancery rule 138, is not sufficient proof to establish jurisdictional facts, as to which the oath of the affiant is not competent evidence.

On appeal from an order advised by Vice-Chancellor Reed. (No opinion.)

*Mr. Charles E. Gummere* and *Mr. Alan H. Strong*, for the appellant.

*Mr. Robert S. Woodruff* and *Mr. John H. Backes*, for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The Trenton Street Railway Company, a corporation operating an electric street railroad in the city of Trenton, on the 8th day of December, A. D. 1898, as is alleged, obtained the consent of the township committee of the township of Hamilton to further extend its line of street railway from White Horse to Yardville, on and across what was then the Crosswicks and Trenton turnpike. In the construction of this latter extension it is necessary to cross the tracks of the Pennsylvania Railroad Company near Yardville.

On the 8th of April, 1899, the street railway company applied to the chancellor to define the mode in which such crossing should be made, under the provisions of the act of March 22d, 1895 (*Gen. Stat. p. 2717*), which reads as follows:

"Sec. 1. That whenever the route of any steam or electric railroad hereafter to be constructed shall cross at points outside of the limits of cities the line of any steam railroad in this state, such crossing shall be made in such way as will inflict the least injury upon the rights of the company owning or operating the railroad intended to be crossed, and as will afford proper protection to the public; and no company shall hereafter construct any steam or electric railroad across the line of any steam railroad, except within the limits

In re Trenton Street Railway Co.

of a city, until it shall have first made application to the chancellor of this state to define the mode in which such crossing shall be made, and it shall thereupon be the duty of the chancellor, after causing reasonable notice of such application to be given to the municipal authorities, and also to the corporation owning or operating the railroad intended to be crossed, to define by his decree the mode in which such crossing shall be made, and if, in his judgment, it is reasonably practicable, and public safety so requires, to avoid a grade-crossing, he may, in his discretion, by his decree, define and regulate the mode and manner of such crossing, and thereupon such crossing shall be made in the mode defined by such decree, and in no other way.

"Sec. 2. That crossings of steam railroads by steam or electric railroads, within the limits of cities, shall be made subject to the present existing laws in regard to the same."

The vice-chancellor to whom the cause was referred ordered the crossing to be at grade of the said road of the steam railroad company. From this decree the appeal is taken.

The validity of the decree is challenged by the appellant on the ground that the statement of facts recited in the petition of the street railway company was not established before the vice-chancellor by proofs *aliunde*, and that therefore the chancellor was without jurisdiction to make the decree.

The petition, verified by affidavits, was served upon the steam railroad company by direction of the chancellor, and was permitted to be used on the hearing by the vice-chancellor, notwithstanding the objection of the appellant. The petitioner claimed that the verified petition was competent and sufficient evidence under rule 138 of the court of chancery, which provides that

"Affidavits and petitions duly sworn to, on which orders to show cause may be granted, if served as affidavits, may be used on the hearing of the order to show cause."

The jurisdictional facts set forth in the petition are, viz.:

Corporate existence of the Trenton Street Railway Company, by the consolidation of four electric street railway companies.

The grant by the Crosswicks and Trenton Turnpike Company to the Trenton Street Railway Company of the right and privilege to construct a street railway upon its said turnpike, pursuant to the act of March 16th, 1893. *Gen. Stat. p. 3246.*

The power of the chancellor to intervene is granted by the legislative act only in cases where the jurisdictional facts are made to appear, and they must be established by competent evidence.

The petitioner relied upon the Chancery rule to give the quality of legal evidence to the affidavits annexed to the petition in support of the alleged jurisdictional acts, and submitted no other testimony, but that rule is not applicable to proceedings under the act of March 22d, 1895, to establish facts not peculiarly within the knowledge of the affiants. Such affidavits cannot be accepted as competent proof of the corporate existence of the street railway or of the grant by the turnpike company to the street railway. Those are basic facts, and until they are made to appear the chancellor is without authority to act. Legal proof cannot be dispensed with under this statute by the rule of the court.

The appellant did not file an answer to the petition, but denied the right of the chancellor to make the decree without other proof than the verified petition.

In *Cox* v. *Halsted, 1 Gr. Ch. 311*, it was held that on an application by petitioner, verified by affidavit of the party, to set aside a sale, the material facts alleged in the petition must be proven, and that the affidavit of the party, except as to facts peculiarly within his knowledge, must be supported by other evidence. In that case the court held that the petitioners were actors and were bound to make out their case as stated, and could not call upon the adversary until their case was established.

The application was refused for want of evidence, but time was given to the petitioners to supply the requisite proofs to be used on final hearing.

In *Crane* v. *Brigham, 3 Stock. 29*, the court said : " The petition itself is no evidence of the facts stated in it. They must all be proved *aliunde*. No answer to the petition is required."

In *Carpenter* v. *Muchmore, 2 McCart. 123*, which was an application to open a decree, the same rule was applied, the two cases before cited being referred to in support of the practice.

In the later case of *Dinsmore* v. *Westcott, 10 C. E. Gr. 302,*

Chancellor Runyon cited *Carpenter* v. *Muchmore*, and held that the petition was not evidence of the facts therein set forth.

*Philadelphia and Reading Railroad Co.* v. *Little, 14 Stew. Eq. 525*, is not to the contrary.

There the petition, verified by affidavit, set up facts which the records of the previous orders and decree in the original cause which were also part of the record in the case on petition, showed to be true. There was no objection made to the sufficiency of the proof so far, but the question was whether the answer of the receivers of the Philadelphia and Reading railroad, verified by affidavit, was entitled to be read if served as affidavits.

The record showed that no objection was taken before the chancellor to the verified answer, and this court held that it was too late to make the objection in the appellate court.

The authority to proceed under the act of 1895 is given to the chancellor under the conditions therein specified. The petitioner having failed to show by due proof that his application is within the terms of the statute, the decree below must be reversed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, HENDRICKSON, ADAMS, NIXON, VREDENBURGH—12.

*For affirmance*—None.